IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:97CR184

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| HOWARD SAINTCLAI HINES (10), ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Appointment of Counsel, filed March 7, 2005, and Motion for Sentencing Transcript, filed June 20, 2005.

On August 5, 1997, Defendant was indicted for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of Title 21 United States Code Section 841(a)(1). On December 4, 1998, Defendant pled guilty to this charge and this Court sentenced Defendant on September 28, 1999, to 168 months imprisonment. Judgment was entered on November 19, 1999. Defendant did not appeal this judgment nor did he file a motion pursuant to Section 2255.

Defendant now asks the Court to appoint him counsel so that he can challenge his sentence pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005). Defendant further asks the Court to send him copies of his sentencing transcripts.

In anticipating filing a Motion pursuant to the holding announced in *Booker* Defendant is essentially planning to file Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255. According to Section 3006A(a)(2), a court may provide legal representation to an indigent applicant pursuing an appeal under Section 2255 if "justice so requires." In the absence

1

of the filing of a Section 2255 motion, a court cannot determine whether justice requires the appointment of counsel. In the instant case, Defendant has not yet filed a Section 2255 motion.

With regard to Defendant's request for sentencing transcripts, Defendant does not advise the Court the reason why he needs copies of such transcripts. The Court will presume that Defendant needs these transcripts to assist with his anticipated Section 2255 motion.

Transcripts are provided to indigent prisoners in proceedings brought under 28 U.S.C. § 2255 "... if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Thus, prior to requesting a copy of his sentencing transcript or change of plea transcript, Defendant would first need to present his issues under Section 2255 to the Court, and then the Court will decide if a transcript is necessary to decide the issues before it. *See United States v. MacCollom*, 426 U.S. 317 (1976).

Defendant is advised, however, that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act which amended Section 2255 to add a one-year limitation period. In relevant part, Section 2255 now provides that "[t]he limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the

exercise of due diligence." 28 U.S.C. § 2255.

Defendant is advised that his judgment became final on November 19, 1999, when the Court entered the Judgment on Defendant's sentence. Moreover, Defendant is further advised that as of the time of this writing, at least, the dictates of the *Booker* case have not been declared to be retroactive for purposes of application in the Section 2255 (collateral review) context.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Appoint Counsel is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sentencing Transcripts is hereby **DENIED**.

**Signed: August 30, 2005**

Richard L. Voorhees
United States District Judge